UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MERLE SATER, et al.,

    Plaintiffs,

    v.

REPUBLIC SERVICES OF INDIANA
TRANSPORTATION LLC, et al.,

    Defendants.

CASE NO. 3:23-CV-403-CCB-SJF

**OPINION and ORDER**

Plaintiffs Merle Sater and Cindy Sater have moved for an order compelling Defendants to respond to the written discovery requests that Plaintiffs propounded to determine the viability of punitive damages. Defendants have objected to these requests primarily on relevance grounds due to their admission of vicarious liability. For the reasons discussed below, Plaintiffs' motion will be granted in part.

**I.  BACKGROUND**

Plaintiffs filed this case on April 10, 2023, after Plaintiff Merle Sater was in an automobile accident with Defendant Travis Ottbridge in August 2021. During the accident, Mr. Ottbridge was driving a garbage truck as part of his employment with Defendant Republic Services of Indiana Transportation, LLC ("Republic Services"). Plaintiffs' operative state court complaint [DE 5] alleges (1) negligent operation of the garbage truck by Mr. Ottbridge; (2) *respondeat superior* liability against Republic Services because Mr. Ottbridge was acting in the scope of his employment at the time of the

collision; and (3) negligent entrustment and maintenance of the garbage truck by Republic Services. [DE 5 at 3-5.][1] Defendants' Answer filed on June 9, 2023, admits that Mr. Ottbridge was at fault for the collision and that he was operating the truck in the scope of his employment with Republic Services. [DE 9 ¶¶ 8, 10, 14, 20]. With these admissions, Defendants moved for Partial Judgment on the Pleadings as to Plaintiffs' negligent entrustment and maintenance claim against Republic Services. [DE 10]. This Court granted the motion, agreeing that this alternate theory of direct negligence against Republic Services is superfluous based on Republic Services' admission that Mr. Ottbridge was negligent and acting in the scope of his employment. [DE 40 at 3].

But before Defendants filed their answer and motion for judgment on the pleadings, Plaintiffs propounded written discovery to determine the viability of a potential request for punitive damages. As presented by Plaintiffs[2], these requests sought three categories of information:

- information related to Mr. Ottbridge's hiring, retention, and supervision (Interrogatories to Republic Services Nos. 2 and 4; Interrogatories to Mr. Ottbridge Nos. 17, 18, 20, 21, and 22, and Requests for Production Nos. 12);

---

[1] Another Defendant named in the operative complaint—Republic Services, Inc.—has been dismissed by stipulation of the parties. [DE 25.]
[2] The Court acknowledges that Defendants have contended that many of the disputed discovery requests are much broader than what Plaintiffs present here. [DE 34 at 14].

- information concerning the maintenance of the Republic truck driven by Mr. Ottbridge (Interrogatories to Republic Nos. 4 and 6, and Requests for Production Nos. 25, 27, and 35); and

- information surrounding the circumstances of the crash, relating to the operations of the truck, and regarding Republic Services' investigation of the crash (Interrogatories to Republic Services Nos. 7, 11, 17, 23, and 24, Interrogatories to Mr. Ottbridge Nos. 23, 24, and 26, and Requests for Production No. 1, 7, 20, 21, 22, 30, 31, 32, and 38).

[DE 31 at 1-2]. Defendants responded to Plaintiffs' discovery requests shortly after filing their Answer. Citing to their admissions of liability, Defendants objected to the instant requests. Defendants contend that the requested discovery pertains to alternate theories of direct negligence, which have been mooted by their admission that Mr. Ottbridge was acting in the scope of his employment. Plaintiffs do not dispute Defendants' contention but maintain that the information is still relevant, as it will help Plaintiffs determine whether punitive damages may be pursued—a recognized exception to the principle forming Defendants' objection.

Unable to resolve this disagreement informally, Plaintiffs filed a motion to compel. The motion is fully briefed and ripe for consideration.

II.     **ANALYSIS**

When a responding party withholds discoverable information responsive to a discovery request, a motion to compel discovery is allowed. Fed. R. Civ. P. 37(a)(3)– (4). After all, "[a] responding party cannot unilaterally impose conditions upon its

compliance with a discovery request." *Gray v. Faulkner*, 148 F.R.D. 220, 222 (N.D. Ind. 1992). Rather, the responding party carries the burden "to show why a particular discovery request is improper" and must do so with specificity. *Hills v. AT&T Mobility Servs., LLC*, No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, *4 (N.D. Ind. July 22, 2021) (quoting *Kodish v. Oakbrook Terrace Fire Prot.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)). Yet when the discovery request is overly broad or relevancy is not apparent, the requesting party must establish relevancy. *Vajner v. City of Lake Station, Indiana*, No. 2:09-CV-245, 2010 WL 4193030, at *2 (N.D. Ind. Oct. 18, 2010).

This Court has broad discretion in deciding whether to compel discovery and may deny discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). Thus, the court "independently determine[s] the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

Defendants object to Plaintiffs' requests for several reasons but primarily argue that because they have already admitted *respondeat superior* liability, alternate theories of liability are now foreclosed, making the discovery necessary to support such theories irrelevant. But Plaintiffs maintain that these requests are still relevant because they seek information to determine whether any alternate theories of negligence support punitive damages. Still, Defendants contend that the requested discovery is beyond the permissible scope of discovery because punitive damages have not been alleged in the complaint.

A. **Whether Admissions of Vicarious Liability Foreclose the Requested Discovery**

From the start, the Court finds Plaintiffs' requests overly broad to the extent that they largely seek discovery related to negligence theories that were not alleged in their complaint—such as discovery pertaining to hiring, supervision, and retention. Thus, the burden is on Plaintiffs to demonstrate the relevance of these requests. *Vajner*, 2010 WL 4193030, at *2. As stated, Plaintiffs maintain that these requests are still relevant because they seek information to determine whether any alternate theories of negligence support punitive damages. To resolve the parties' arguments, the Court must first review the precedent relied upon by the parties.

1. **Indiana Law**

This Court sits in diversity jurisdiction, so Indiana law governs Plaintiffs' substantive claims. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) ("A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits."). Under Indiana law, an admission of vicarious liability generally means that a plaintiff is precluded from asserting direct negligence against the defendant. *Sedam v. 2JR Pizza Enters. LLC*, 84 N.E.3d 1174, 1175-76 (Ind. 2017) In *Sedam*, the court addressed the viability of the plaintiff's negligent hiring claim after the defendant's employer admitted liability under *respondeat superior*. The court observed that "substantial precedent has established that when an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded." *Id.* The court also

explained that "an admission exposes an employer to liability for any and all fault assessed to the employee's negligence, and thus a negligent hiring claim becomes duplicative since a plaintiff may not recover twice for the same damage." *Id.* at 1178.

The "substantial precedent" referred to by the court in *Sedam* is also known as the *Lange-Tindall* rule, referring to *Lange v. B & P Motor Exp., Inc.*, 257 F. Supp. 319 (N.D. Ind. 1966) and *Tindall v. Enderle*, 320 N.E.2d 764, 765 (Ind. Ct. App. 1974). *See Simmons, Inc. v. Pinkerton's, Inc.*, 762 F.2d 591, 602 (7th Cir. 1985), *abrogated on other grounds*.

In *Lange*, the defendants' employee rearended the plaintiff's vehicle while driving on the Indiana toll road. 257 F. Supp. at 319. The plaintiff's complaint asserted *respondeat superior* liability against the defendant employers based on their employee's actions. [*Id.* at 321]. The plaintiffs later requested leave to amend their complaint to add an allegation of negligence against the defendant employers for their negligent hiring, retention, and supervision of the employee. *Id.* But the court denied the motion to amend, finding that "plaintiffs add nothing substantive to their claim for relief against the defendants through their tendered amendment." *Id.* The Court explained that, with the proposed amendment, "plaintiffs still must prove that the injuries were caused by the negligence of the driver, but add to their burden [of] proof that the employer failed to exercise care in hiring him." *Id.*

In *Tindall*, two men were shot and killed at a tavern by a tavern employee. 320 N.E.2d at 765. Their personal representatives later sued the tavern and the employee alleging negligent hiring and retention claims against the tavern as well as liability under *respondeat superior*. *Id.* at 766. Like the Defendants here, the *Tindall* defendants

admitted that the employee fired the shots and did so while acting in the scope of his employment. *Id.* at 765. The defendants then filed a motion in limine seeking to exclude certain evidence related to negligent hiring based on their admission, which the trial court granted. The court of appeals affirmed because "[a]lthough Indiana law recognizes a separate cause of action for the negligent hiring of an employee, that theory is of no value where an employer has stipulated that his employee was within the scope of his employment." *Id.* at 768. The court also explained that "when the employer has stipulated that the employee was acting within the scope of his employment in committing the act . . . plaintiff has successfully carried his burden of proof against the negligent employee's employer. Proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute." *Id.*

But, as Plaintiffs contend here, the *Tindall* court did note that there was "a sole possible advantage" for the plaintiffs to continue pursuing their negligent hiring claim in such a case: "the potential assessment of punitive damages." *Id.* The court in *Sedam* likewise acknowledged that a negligent hiring claim is still "advantageous" to the pursuit of punitive damages even if an admission of vicarious liability is made. *Id.* at 1177 fn. 3.

This court again considered the *Lange-Tindall* rule and the punitive damages exception in *Davis v. Macey*, 901 F. Supp. 2d 1107 (N.D. Ind. 2012) and *Kapitan v. DT Chicagoland Exp. Inc.*, No. 2:12-CV-321, 2013 WL 5655704 (N.D. Ind. Oct. 15, 2013). In *Davis,* the plaintiff was involved in a collision with a truck driver and filed suit against both the driver and the truck owner, alleging claims of negligent operation of the truck

against the driver (Count I); negligence against the owner (Count II); negligent entrustment against the owner (Count III), and negligent hiring and retention of the driver against the owner (Count IV). 901 F. Supp. 2d at 1107. Like Defendants, the *Davis* defendants admitted that the truck driver was acting in the scope of his employment and moved to dismiss the counts of negligent entrustment (Count III) and negligent hiring and retention (Count IV). The court granted the motion, reasoning that "[a]lthough the *Lange–Tindall* rule has been applied to preclude additional theories of liability under negligent hiring and retention, the underlying rationale that claims not be duplicative and potentially prejudicial apply equally to the theory of liability under negligent entrustment." *Id.* at 1112. Likewise, the court also found that "as with negligent hiring and retention, a plaintiff would potentially be allowed to plead alternative theories under respondeat superior and negligent entrustment under certain circumstances . . ." *Id.* The court noted that one such circumstance was a request for punitive damages. *Id.* at 1113. But the court found that it did not apply because it had not been alleged there. *Id.*

In *Kapitan*, the plaintiff was at work accepting a delivery when a pallet fell off the delivery truck, injuring her. 2013 WL 5655704, at *1. The plaintiff sued both the delivery truck company and the truck driver, alleging negligent hiring and training of the driver and *respondeat superior* liability. *Id.* Like the Defendants here, the *Kapitan* defendants admitted that the driver was acting in the scope of his employment and moved for summary judgment on the negligent hiring claim. *Id.* at *5. This Court granted summary judgment, observing that "[a]lthough it is an alternate theory of liability, a

negligent hiring and training claim has 'no value where an employer has stipulated that his employee was within the scope of his employment.'" *Id.* at *4 (citing *Tindall*, 320 N.E. 2d at 768). Like *Davis,* the Court again acknowledged that punitive damages are an exception to this principle but found that it did not apply because the plaintiff had not requested it. *Id.* at *5.

### 2.     Application to the Instant Dispute

Returning to the instant motion, the parties' discovery dispute boils down to the scope of the punitive damages exception to the *Lange-Tindall* rule and its application here. As Plaintiffs contend, there is significant precedent to support their contention that punitive damages are an exception to the rule that alternate theories of alleged negligence—such as claims of negligent hiring and negligent entrustment—are superfluous when the employer has admitted scope of employment. The Court accordingly finds that this precedent demonstrates the relevance of their discovery on punitive damages as it pertains to Plaintiffs' previously alleged claims of negligent entrustment and maintenance.

But the Court cannot find that this precedent permits the rest of the sweeping discovery sought by Plaintiffs here. Plaintiffs' discovery requests plainly pertain to theories of direct negligence that Plaintiffs never alleged in their complaint. For instance, the first category of written discovery seeks information pertaining to Mr. Ottbridge's hiring, retention, and supervision—but Plaintiffs never alleged negligent hiring or supervision in their complaint. Although precedent found that the punitive damages exception applied in the context of these claims, it was discussed because

those were the specific claims that had been alleged in those cases. Without more, the Court cannot fairly find that the punitive damages exception broadly allows for discovery on any potential alternate theory of negligence.

This court's order granting Defendants' Motion for Partial Judgment on the Pleadings likewise referred to this exception only in light of the specific negligence theories already alleged. To recount, this Court dismissed Plaintiffs' negligent entrustment and maintenance claim against Republic Services based on Defendants' prior admissions of liability. [DE 40 at 4]. But the Court did so without prejudice so that Plaintiffs had "the ability to refile *these* claims if they find evidence which would support pursuing an alternative theory of negligence to recover punitive damages." [*Id.* (emphasis added)]. Without more from Plaintiffs, the court cannot find that they have met their burden to demonstrate the relevance of the instant discovery requests that pertain to alternate theories of negligence that had not been alleged. *Vajner*, 2010 WL 4193030, at *2.

### B. Whether the Failure to Allege Punitive Damages Forecloses the Requested Discovery

Defendants also contend that although punitive damages are an exception to the *Lange-Tindall* preclusion rule, the cases applying the rule found that the exception did not apply when punitive damages had not been alleged. *See Davis*, 901 F. Supp. 2d at 1113; *Kapitan*, 2013 WL 5655704, at *5. Thus, as Plaintiffs did not request punitive damages in their complaint, Defendants contend that the requested discovery is not

"relevant to any party's claim" and should be prohibited. Fed. R. Civ. P. 26(b)(1).³ In response, Plaintiffs maintain that they need not first amend their complaint to include a request for punitive damages for punitive damages to be awarded.

To begin, punitive damages are not a separate claim or cause of action—they are a type of relief. *Yost v. Wabash Coll.*, 3 N.E.3d 509, 514 (Ind. 2014) ("[W]hile punitive damages has its own requisite elements of proof, such elements do not establish an independent cause of action[.]") Punitive damages instead "may be awarded as part of the damages to which a plaintiff may be entitled if successful under a recognized existing cause of action." *Id.* Th

Accordingly, under Rule 54(c), punitive damages may be awarded if the party deserves such relief, even if a request for punitive damages does not appear in the complaint. *See* Fed. R. Civ. P. 54(c) ("Final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading."); *see also Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008); *Walker v. BP Prods. N. Am. Inc.*, No. 2:16 CV 367, 2018 WL 2112236, at *4 (N.D. Ind. May 8, 2018) ("[T]he court notes that under the federal rules, the court is permitted to award any warranted relief regardless of what a plaintiff seeks in his complaint."). Thus, the Court cannot find that Plaintiffs'

---

[3] In several of Defendants' objections to Plaintiffs' requests for admissions and interrogatories, the Defendants object on the grounds the discovery request "is not reasonably calculated to lead to the discovery of admissible evidence." [*E.g.* Plaintiffs' Interrogatory to Republic Services No. 6.] This is an overly restrictive reading of Rule 26(b)(1): the 2015 amendment clarified "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment. This amendment was designed to prevent the phrase "reasonably calculated" from "swallow[ing] any other limitation on the scope of discovery." *Id.*

failure to request punitive damages before propounding the instant discovery makes the requests outside the permissible scope of discovery.

Moreover, requiring Plaintiffs to first amend their complaint on this issue results in practical concerns as well. Were Plaintiffs to now amend their complaint without sufficient evidence, they risk running afoul of Fed. R. Civ. P. 11(b)(3). This would result in a "Catch-22"[4] situation, as obtaining the evidence required to support Plaintiffs' amended complaint would first require them to file an amended complaint.

### C.  Production and Fees

For these reasons, Plaintiffs' motion to compel is granted in part. Plaintiffs' motion is granted to the extent that Plaintiffs may obtain some discovery related to punitive damages, but only as it relates to their previously alleged negligent entrustment and maintenance claim. Plaintiffs cannot obtain discovery concerning alternate theories of negligence that have not been alleged—such as the discovery requests pertaining to negligent hiring, supervision, and retention—as this goes beyond both the scope of this Court's dismissal order and the context of applicable case law considering the *Lange-Tindall* rule. Accordingly, Defendants are ordered to answer Plaintiffs' interrogatories and requests for production seeking information on the

---

[4] Borrowed from the title of Joseph Heller's classic war novel *Catch-22*, a "Catch-22" is a problem where the only solution to the problem is denied by a circumstance of the problem. "The federal judiciary should avoid using Catch-22." *Davis v. Humphreys*, 747 F.3d 497, 498 (7th Cir. 2014) ("In Joseph Heller's Catch-22, Yossarian wants to stop serving as a bombardier during World War II. Insanity is a reason for being grounded, and Yossarian tries to convince Doc Daneeka that he is insane—but to ask proves sanity, because an insane person would want to fly more missions.").

maintenance of the Republic truck (presented as the second category in Plaintiffs' Motion to Compel) on or before October 15, 2024.[5]

But the Court also acknowledges that it enters this order only six weeks before the parties' deadline to complete discovery. [*See* DE 42 setting November 11, 2024, as the deadline for completion of discovery]. The parties shall discuss the viability of existing case management deadlines based on the added discovery that has been permitted through this order. If any party believes that existing deadlines are untenable, they must move for an extension of these deadlines by October 15, 2024. The parties are admonished to negotiate any requested extensions in good faith and present any extension requests via joint motion if possible.

Finally, under Fed. R. Civ. P. 37(a)(5)(A)-(B), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the [discovery] motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The rule thus memorializes the "great operative principle . . . that the loser pays." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). But the Court must not order payment of expenses if "the opposing party's . . . objection [to discovery] was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). If a motion is granted in part and denied in part, "the

---

[5] If Plaintiffs believe other interrogatories or requests for admission directly relate to their previously alleged claims of negligent entrustment and maintenance, they shall confer with Defendant on these specific requests before seeking other relief from this Court.

court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

A party's resistance to discovery is considered substantially justified if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988) (internal citations and punctuation marks omitted) (brackets in original). Based on the substantive nature of this dispute, the Court finds that both parties' positions were substantially justified such that no there is no need to apportion expenses for the motion.

### III. Conclusion

For these reasons, the Court **GRANTS IN PART** Plaintiffs' Motion to Compel [DE 31]. Defendants are ordered to respond to Plaintiffs' discovery requests pertaining to negligent entrustment and maintenance, as outlined in this order, by **October 15, 2024**. The parties are also ordered to confer on the viability of existing case management deadlines in light of this court's discovery order and submit any motions seeking an extension of remaining deadlines by **October 15, 2024.**

**SO ORDERED** this 30th day of September 2024.

s/ Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge