UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MERLE SATER, et al.,

    Plaintiffs,

    v.

REPUBLIC SERVICES OF INDIANA
TRANSPORTATION LLC, et al.,

    Defendants.

Case No. 3:23-CV-403-CCB

## OPINION AND ORDER

Pending before the Court are the parties' objections to the other's deposition designations. (ECF 133). The Court now rules on those objections. Many of the objections have already been addressed in the Court's order on the parties' motions in limine. (ECF 135). Those prior resolutions are noted in this order when applicable.

### DEFENDANTS' OBJECTIONS.

1. Defendants' objection to the entirety of Dr. Annis' testimony is **DEFERRED** until trial in accordance with the Court's prior order on Topics 24 and 25 of Defendants' motion in limine (ECF 135 at 17).

2. Defendants' objection to the entirety of Dr. Zimmerman's testimony is **OVERRULED** in accordance with this Court's ruling on topic 23 of Defendants' motion in limine. (ECF 135 at 15, ECF 143).

## PLAINTIFFS' OBJECTIONS[1]

1.  **Cindy Sater**

    a.  Plaintiffs' objection to testimony designated at 7:6–8:1 is **OVERRULED**. Plaintiffs object based on relevance. However, preliminary questioning about whether a deponent previously reviewed their interrogatories before the deposition is relevant when the deposition will reference the deponent's prior answers in those interrogatories. Fed. R. Evid. 402. *See, e.g.*, *Sanford v. CBS, Inc.*, 594 F. Supp. 713, 715 (N.D. Ill. 1984).

    b.  Plaintiffs' objection to testimony designated at 115:1–8 is **SUSTAINED** in accordance with the parties' agreement on undisputed Topic 3 of Plaintiffs' motion in limine. (ECF 110 at 2; 114 at 3; 135 at 2, n. 2). Any discussion or evidence of prior medical payments is inadmissible, with the exception of Defendants' right to submit evidence of adjusted or discounted medical amounts under *Stanley v. Walker*, 906 N.E.2d 852, 856–58 (Ind. 2009).

    c.  Plaintiffs' objection to testimony designated at 137:1–14 is **OVERRULED** based on the Court's prior order on Topic 9 of Plaintiffs' motion in limine (ECF 135 at 7). .

2.  **Merle Sater**

---

[1] Plaintiffs also list counter-designation testimony at 183:12–186:2 in Merle Sater's deposition testimony. Defendants have not stated any objection to this. Therefore, the Court does not rule as to the admissibility of those counter-designations.

a.  Plaintiffs' objection to testimony designated at 26:8–27:18, 29:13–30:16, 35:21–36:7, 40:19–41:8, and 147:11–150:2 is **OVERRULED** based on the Court's prior order on Topic 3 of Plaintiffs' motion in limine (ECF 135 at 4).

b.  Plaintiffs' objection to testimony designated at 38:7–40:18 is **OVERRULED** based on the Court's prior order on Topic 9 of Plaintiffs' motion in limine (ECF 135 at 7).

c.  Plaintiffs' objection to testimony designated at 53:13–23 is **SUSTAINED**. Plaintiffs object based on relevance. The Court finds that whether Mr. Sater receives a pension/PERF from the Department of Transportation is not relevant to the questions of causation or damages due to injuries from the accident. Fed. R. Evid. 402.

d.  Plaintiffs' objection to testimony designated at 53:24–56:13 is **DEFERRED** until trial in accordance with the Court's prior order on Topic 8 of Plaintiffs' motion in limine (ECF 135 at 7).

e.  Plaintiffs' objection to testimony designated at 97:12–24 is **OVERRULED** based on the Court's prior order on topic 1 of Plaintiffs' motions in limine (ECF 135 at 5).

f.  Plaintiffs' objection to testimony designated at 133:2–134:13, 136:23–137:7, 147:11–150:2, 156:8–18, and 161:2–6 is **SUSTAINED** in accordance with the parties' agreement on undisputed Topic 3 of Plaintiffs' motion in limine. (ECF 110 at 2; 114 at 3; 135 at 2, n. 2). Any discussion or evidence of prior medical payments is inadmissible, with the exception of Defendants' right to submit

evidence of adjusted or discounted medical amounts under *Stanley v. Walker*, 906 N.E.2d 852, 856–58 (Ind. 2009).

**g.** Plaintiffs' objection to testimony designated at 161:16–162:3 is **OVERRULED**. The questioning at 161:16–162:3 concerning Mr. Sater's relationship to witness Ross Stogsdill is relevant as it goes to the question of witness credibility. *See, e.g., Kelham v. CSX Transp., Inc.*, No. 2:12-CV-316, 2015 WL 4525489, at *3 (N.D. Ind. July 27, 2015), *aff'd sub nom. Kelham v. CSX Transportation, Inc.*, 840 F.3d 469 (7th Cir. 2016).

SO ORDERED on March 31, 2026.

    /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT